UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN NICKERSON,

    Plaintiff,

v.                                      CASE NO: 8:11-cv-538-T-27AEP

HSNi, LLC, a Delaware Limited Liability
Company, d/b/a HOME SHOPPING
NETWORK,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Second and Third Cause of Action of the Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted (Dkt. 12) and Plaintiff's response (Dkt. 14). Upon consideration, the motion to dismiss is **GRANTED**.

The Complaint purports to state claims for (1) a willful violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), (2) negligent infliction of emotional distress, and (3) "outrage" or intentional infliction of emotional distress.[1] Plaintiff alleges that he was wrongfully discharged by Defendant after requesting leave under the FMLA to attend to his wife and infant daughter both of whom suffered complications during and after the daughter's birth. Complaint (Dkt. 1), pp. 2-3.

---

[1] Plaintiff's claim of "outrage" is construed as a claim for intentional infliction of emotional distress. *See Estate of Morton v. United States Fidelity & Guaranty Co.*, 460 So.2d 526, 527 (Fla. 4th DCA 1984) (noting that separate counts for "outrage" and "intentional infliction of emotional distress" constitute one cause of action); *see also* Plaintiff's Response (Dkt. 14), p. 5 (noting "Florida courts have held that the tort of outrage and intentional infliction of emotional distress are essentially the same").

Defendant has moved to dismiss Plaintiff's claims for negligent and intentional infliction of emotional distress for failure to state claims upon which relief may be granted. Because the Complaint lacks factual allegations, which, when taken as true, state claims to relief that are plausible on their face, the motion to dismiss is due to be granted.

### *Standard*

Rule 8(a), Federal Rules of Civil Procedure, requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While a court must accept all factual allegations as true in evaluating a motion to dismiss under Rule 12(b)(6), the tenet does not apply to legal conclusions. *Ashcroft*, 129 S. Ct. at 1949. Similarly, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

*Negligent Infliction of Emotional Distress*

Defendant argues that Plaintiff's claim for negligent infliction of emotional distress is barred by the "impact rule."[2] In Florida, however, "the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force." *Eagle-Picher Indus., Inc. v. Cox*, 481 So.2d 517, 526 (Fla. 3d DCA 1985) (citations omitted).

> If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be manifested by physical injury, the plaintiff must be involved in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident.

*Willis v. Gami Golden Glades, LLC*, 967 So.2d 846, 850 (Fla. 2007) (quoting *Eagle-Picher*, 481 So.2d at 526) (internal quotations and citations omitted).

The Complaint contains no allegation that Plaintiff suffered an "impact" nor does Plaintiff contend that his claim for negligent infliction of emotional distress falls within an exception to the impact rule. Thus, Plaintiff must demonstrate that his emotional distress caused a serious[3] physical injury. *See Willis*, 967 So.2d at 850.

---

[2] "The impact rule ... requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Southern Baptist Hosp. of Fla. v. Welker*, 908 So.2d 317, 320 (Fla. 2005) (internal quotations and citations omitted).

[3] The physical injury necessary to establish a claim for negligent infliction of emotional distress absent an "impact" is an "injury such as death, paralysis, muscular impairment, or similarly objectively discernible physical impairment ... ." *Brown v. Cadillac Motor Car Division*, 468 So.2d 903, 904 (Fla. 1985); *see also Elliott v. Elliot*, 58 So.3d 878, 882 (Fla. 1st DCA 2011) (holding that headaches, diabetes, sleep apnea, stress, insomnia, loss of appetite, hair loss, and bowel trouble, were insufficient "injuries" to support a claim for negligent infliction of emotional distress).

Although Plaintiff has alleged that he "objectively and physically manifested emotional distress as a result of Defendant's actions," this allegation is, at best, a legal conclusion and provides no indication as to the seriousness of his alleged physical injury. *See Ashcroft*, 129 S. Ct. at 1949. As a result, the Complaint fails to plead facts which, when taken as true, state a claim for negligent infliction of emotional distress that is plausible on its face.

### *Intentional Infliction of Emotional Distress*

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because Defendant's alleged misconduct does not rise to the level of outrageousness required under Florida law. In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering by defendant, (2) by outrageous conduct, (3) which conduct of the defendant must have caused the suffering, and (4) the suffering must have been severe. *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla. 1985). In this case, dismissal is proper because the Complaint lacks factual allegations demonstrating that Defendant's conduct was "outrageous" and that Plaintiff's emotional suffering was "severe."

The Complaint contains a conclusory allegation that Defendant's conduct was "outrageous," but contains no specific factual allegations supporting this conclusion. Instead, Plaintiff argues that Defendant's conduct was sufficiently outrageous because:

> Although Plaintiff's wife and infant daughter both almost died during the difficult labor and delivery, Plaintiff returned to work, while this serious medical condition still existed. Plaintiff requested medical leave, and Home Shopping Network immediately discharged Plaintiff.

4

Plaintiff's Response (Dkt. 14), p. 6. Plaintiff has not, however, cited a single case in which a court has allowed recovery for intentional infliction of emotional distress under similar facts.

The Florida Supreme Court has explained outrageous conduct as follows:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* at 278-79 (quoting Restatement (Second) of Torts § 46 (1965)).[4] In this case, the alleged conduct (*i.e.*, terminating Plaintiff for requesting medical leave), while perhaps unlawful, is not sufficiently outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *See State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So.2d 1210, 1213 (Fla. 5th DCA 1995) ("It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort."); *see also Golden v. Complete Holdings, Inc.*, 818 F.Supp. 1495, 1499 (M.D. Fla. 1993) (finding allegations that defendants misrepresented and concealed vital financial information, misrepresented their plans to reduce employment, induced plaintiff to forgo other employment opportunities, terminated plaintiff despite satisfactory performance, systematically eliminated older employees, replaced plaintiff with younger employee, discharged plaintiff without warning, ejected plaintiff from office, destroyed plaintiff's belongings,

---

[4] "Whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of fact." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993) (emphasis in original) (citations omitted).

and refusing for months to pay plaintiff severance failed to state a claim for intentional infliction of emotional distress).

Similarly, the Complaint contains no allegations relating to the severity of Plaintiff's injury, but rather alleges in conclusory fashion that Plaintiff suffered "objective and physical manifestations" of emotional distress and "damages." *See Ashcroft*, 129 S. Ct. at 1949. As a result, the Complaint fails to plead facts, which, when taken as true, state a claim for intentional infliction of emotional distress that is plausible on its face.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Second and Third Cause of Action of the Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted (Dkt. 12) is **GRANTED**. Plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress ("outrage") are hereby **DISMISSED** without prejudice to Plaintiff's ability to file an amended complaint within twenty (20) days from the date of this Order. Absent a timely filed amended complaint, Plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress ("outrage") shall be dismissed with prejudice.

**DONE AND ORDERED** this 15th day of August, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record